IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDRE L. JONES,
No. 17429-026,

Petitioner,

vs.                                                        Case No. 15-cv-1062-DRH

JAMES CROSS, JR.,

Respondent.

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Andre L. Jones, currently incarcerated at Greenville Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner seeks to challenge the sentencing court's determination that his prior conviction for aggravated fleeing qualifies as a prior offense for purposes of the Armed Criminal Career Act ("ACCA") under 18 U.S.C. § 924(e). This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives

this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

On December 1, 2011, petitioner was sentenced to 184 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Central District of Illinois.[1] *See United States v. Jones*, Case No. 11-cr-30009-RM-BGC. Petitioner's sentence included an enhancement pursuant to 18 U.S.C. § 924, the Armed Career Criminal Act. *Id*. Shortly thereafter, Petitioner filed a direct appeal with the Seventh Circuit Court of Appeals arguing on appeal that the residual clause of the ACCA was unconstitutionally vague. *Id*. Noting that at that time a majority of the Supreme Court had rejected that argument, the Seventh Circuit concluded, "our hands are tied" and affirmed petitioner's sentence. *United States v. Jones*, 689 F.3d 696, 698 (7th Cir. 2012). Subsequently, on January 7, 2013, the Supreme Court declined to issue a writ of certiorari. Prior to the present petition, petitioner had not filed any actions seeking to collaterally challenge his conviction or sentence. (Doc. 1, p. 2).

---

[1] Petitioner failed to submit the form supplied by the Clerk of this Court for habeas actions and his brief did not provide complete details regarding the sentence he seeks to challenge (i.e., date of sentencing, venue, dates and results of any appeals). The Court was able to gather pertinent information by reviewing the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) (last visited October 14, 2015). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Petitioner is advised that, in the future, he should use the forms provided by the Court.

## The Habeas Petition

In the instant petition, filed on September 24, 2015, petitioner challenges the sentencing court's determination that his prior conviction for aggravated fleeing under Illinois law qualified as a predicate offense, for purposes of the ACCA. Petitioner maintains that the sentencing court relied on the "residual clause" of the ACCA when it made the determination that the prior conviction qualified as a predicate offense. Relying on the United States Supreme Court's recent decision in *Johnson v. United States,* ––– U.S. –––, 135 S.Ct. 2551 (June 26, 2015), which invalidated the residual clause of the Armed Criminal Career Act,[2] petitioner argues that his prior aggravated fleeing conviction should not have been used to enhance his present sentence.

## Discussion

Federal prisoners, like petitioner, who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir.2012). Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of

---

[2] The *Johnson* Court held that the residual clause of the Armed Criminal Career Act is unconstitutionally vague and, thus violates due process.

his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new *statutory* interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Petitioner has failed to satisfy the first condition. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of *constitutional law* that is retroactively applicable in a collateral attack on a final

conviction.  *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. Aug. 4, 2015).  Based on this conclusion, the Seventh Circuit granted the petitioner in *Price* permission to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h).  *See Price*, 795 F.3d at 734-35.

Here, petitioner argues that a petition filed pursuant to the savings clause must invoke a new constitutional law case.  He is mistaken.  The savings clause only comes in to play when a motion filed under § 2255 would be inadequate or ineffective to test the legality of the petitioner's sentence or conviction.  Section 2255 covers in the first instance (and second or successive attempts) cases that announce a new constitutional rule of law as does *Johnson*.  Therefore, when a petitioner relies on a new constitutional law case, as the Petitioner does here, he must file a § 2255 motion.  Petitioner's case presents the clearest example of when a § 2255 cannot be said to be inadequate or ineffective to test the legality of the petitioner's conviction and sentence and, therefore, the need and the opportunity to use the savings clause under 28 U.S.C. § 2255(e) is extinguished.  In other words, given the very likely availability of relief under § 2255, seeking relief under the savings clause is premature.  As such, petitioner's § 2241 petition must be **DISMISSED**, but the dismissal will be without prejudice to petitioner filing a subsequent § 2241 petition if at a later juncture § 2255 proves ineffective or inadequate.

Since petitioner has never filed a motion under § 2255, he need not seek permission to file a second or successive § 2255 motion with the federal Court of

Appeals for the Seventh Circuit. *See* 28 U.S.C. § 2244(b)(3). Instead, he should file a § 2255 motion directly with the court where he was sentenced: the United States District Court for the Central District of Illinois.

Finally, petitioner should note that the one-year period prescribed by 28 U.S.C. 2255(f)(3) for filing a § 2255 motion runs from the date of the Supreme Court's ruling initially recognizing the right asserted, *not* from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 545 U.S. 353, 357 (2005). As such, petitioner should not delay; time is of the essence.

## Disposition

As discussed above, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and, therefore, consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition at this time. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, petitioner's habeas petition (Doc. 1) is **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: 10/18/2015**

Digitally signed by Judge David R. Herndon
Date: 2015.10.18 17:08:25 -05'00'

**United States District Judge**